IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02209-DME-MJW

JANE DOE and JOHN DOE,

    Plaintiffs,

v.

BENJAMIN HOFSTETTER a/k/a BENJAMIN JASON ELIA HOFSTETTER,

    Defendant.

---

**ORDER GRANTING RELIEF**

---

The Court entered default judgment on June 13, 2012, against Defendant Benjamin Hofstetter as to Counts Four, Five, and Eight of Plaintiffs Jane Doe and John Doe's complaint. (Doc. 20.)[1] Those counts stated three state-law tort claims, namely intentional infliction of emotional distress ("IIED") as to Jane Doe, IIED as to John Doe, and public disclosure of private facts ("PDPF") as to Jane Doe, respectively. Plaintiffs sought damages as well as injunctive relief. The Court set a hearing, in its June 13 order, to "entertain evidence and argument regarding the amount of damages (which is

---

[1] The June 13 order provides a more extensive description of the factual and procedural background of this matter, as well as a statement of the Court's jurisdiction over the case and the parties. As such, those topics are not repeated in the present order, except as necessary to the Court's discussion of the relief awarded below.

1

uncertain) and the scope of injunctive and/or declaratory relief that may be warranted in this case." (Id. at. 20.) See Fed. R. Civ. P. 55(b)(2).

At the hearing regarding what relief might be warranted, on August 9, 2012, Plaintiffs testified about, inter alia, the injuries they have experienced as a result of Defendant's conduct. Plaintiffs had also previously submitted sworn affidavits that discussed their injuries, as well as a brief in support of their prayed-for relief. Defendant was not present at the hearing. Indeed, Defendant has never entered an appearance nor corresponded with the Court (either directly or through counsel), although the record indicates that he was served with the complaint.

Based on the evidence before the Court—including Plaintiffs' testimony at the August 9 hearing, the Plaintiffs' sworn affidavits, and the factual findings in the Court's June 13 order based on the unopposed factual allegations in the complaint—the Court determines that the following relief is warranted:

*I. Damages*

The Court concludes that a total award of $155,000 to Jane Doe and John Doe is appropriate.

Based on Jane Doe's IIED and PDPF claims, the Court awards Jane Doe $5,000 in compensatory damages for the specific counseling expenses about which she testified, as well as $50,000 in compensatory damages for the severe emotional distress, pain, suffering, trauma, and anguish that Defendant's tortious conduct against Jane Doe has caused her. Additionally, the Court awards Jane Doe $50,000 in punitive, or exemplary,

damages, finding beyond a reasonable doubt, see C.R.S. § 13-25-127(2), that Jane Doe's injuries from Defendant's various tortious acts were attended by circumstances of fraud, malice, and willful and wanton conduct, see id. § 13-21-102(1). To that end, the Court notes that Defendant communicated and displayed an intent to harm and to harass Jane Doe, and to destroy her marriage; that Defendant deceitfully impersonated Jane Doe with the intent and the result of harming her; that Defendant was made aware of the distress he was causing to Jane Doe and was asked to desist from his injurious conduct, and yet persisted in his tortious conduct; and that Defendant otherwise acted recklessly without regard to the consequences of the wrongs he was committing against Jane Doe.

Further, based on John Doe's IIED claim, the Court awards John Doe $25,000 compensatory damages for the severe emotional distress, pain, suffering, trauma, and anguish that Defendant's tortious conduct against John Doe has caused him.[2] Additionally, the Court awards John Doe $25,000 in punitive damages, finding beyond a reasonable doubt that Defendant's tortious actions against John Doe were attended by circumstances of malice, and willful and wanton conduct, for reasons similar to those stated above but with respect to John Doe instead of Jane Doe (save for the finding regarding impersonation, which applies uniquely to Jane Doe).

II.   *Injunctive relief*

---

[2] John Doe did not testify with specificity as to the counseling expenses he has incurred, so the Court declines to award damages separately in relation to those expenses.

The Court concludes that the below-identified permanent injunctive relief is necessary in order to prevent irreparable harm to the Plaintiffs; that the injuries to Plaintiffs that would continue, absent this injunction, outweigh any harm the injunction might cause to Defendant; and that the injunction will not adversely affect the public interest.  See, e.g., <u>Langlois v. Bd. of Cnty. Comm'rs of Cnty. of El Paso</u>, 78 P.3d 1154, 1158 (Colo. App. 2003) (citing <u>Fisher v. Okla. Health Care Auth.</u>, 335 F.3d 1175 (10th Cir. 2003)).  (The Court already determined, in its June 13 order, that Plaintiffs have succeeded on the merits of their claims.  <u>See</u> <u>id.</u>)

1. Defendant is enjoined from contacting or communicating with either Plaintiff, in any way, either directly or through others.

2. Defendant is enjoined from posting or publishing any references to, or images depicting, either Plaintiff, via any medium (including but not limited to internet blogs, online forums and social media sites).  Defendant is ordered immediately to remove and to delete every currently existing reference to, and image depicting, either Plaintiff that Defendant has previously posted or published on any medium.

3. Defendant is enjoined from impersonating either Plaintiff in any way, via any medium or in any context.

4. Defendant is ordered immediately to destroy or to erase all images—photographic, digital, and otherwise—depicting either Plaintiff that are in his possession or under his control.

4

5. Defendant is enjoined from using or employing, or attempting to use or to employ, any third party (including but not limited to social media sites or other online entities) to perform or to accomplish any of the aforementioned enjoined actions and conduct.

## CONCLUSION

For the foregoing reasons, having already found Defendant liable as discussed in the Court's June 13 order, the Court hereby ORDERS Defendant to pay Jane Doe and John Doe a total of $155,000 in damages, as detailed above; and further GRANTS the permanent injunctive relief specified above.

The Clerk of the Court is ordered to mail the Defendant a copy of this order at the address at which the Defendant was served in this case: 1764 Lee Seminary Road, Lot 25; Cookeville, Tennessee 38506-6490.

DATED this 14th day of August, 2012.

BY THE COURT:

*s/ David M. Ebel*

_____
David M. Ebel
United States District Judge